# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JOHN BRADLEY,

        Petitioner,    :    Case No. 1:14-cv-105

- vs -    District Judge Timothy S. Black
    Magistrate Judge Michael R. Merz

WARDEN, Noble Correctional Institution,

    :

        Respondent.

## REPORT AND RECOMMENDATIONS

Petitioner John Bradley brought this habeas corpus case *pro se* pursuant to 28 U.S.C. § 2254 to obtain relief from his convictions in the Hamilton County Common Pleas Court for possession of heroin, cocaine and a weapon while under disability (Petition, Doc. No. 1, PageID 1). He pleads the following Grounds for Relief:

> **Ground One:** I was denied my right to speedy trial, both statutory and constitutional. Trial counsel was ineffective for allowing the defendant to plead guilty while in violation of speedy trial rights. Trial counsel allowed continuances to be attributed to defendant for the purpose of state witness. Trial court allowed over 10 months to pass before hearing motion to suppress evidence. Trial court's signature was forged on journal entry. First District Appellate Court failed to review speedy trial rights under ineffective assistance of counsel.
>
> **Ground Two:** Trial counsel was ineffective for failing to communicate offered plea bargain of 3 years to the defendant prior to the motion to suppress the evidence hearing. Appellate counsel failed to raise the above-stated issue on direct appeal. Defendant filed delayed post-conviction because appellant was prevented from filing timely post-conviction due to appellate counsel's ineffectiveness. Appellate counsel erroneously advised defendant

1

of a rule that prevented counsel from mailing defendant transcripts of trial proceedings which give rise to appellate issue.

**Ground Three:** Vindictive prosecution.  After the trial court's ruling and denial of the motion to suppress the evidence here the prosecution recommended a [sic] enhanced sentence of 5 years from more lenient sentence of 3 years based on the defendant's rejection of a [sic] offered plea of 4 and a half and 4 years and him [sic] exercising his right to a motion to suppress hearing and forcing the prosecution to prove its case against him.  Trial counsel failed to communicate proposed 3 year plea.

**Ground Four:**  Trial court's participation in plea bargaining process.  After the trial court overruled the motion to suppress the evidence and the prosecution recommended the vindictive sentence of 5 years, the trial court offered a plea of 3 years, stating "Is the State's offer still on the table if accepted?"  and then "Assuming that a guilty plea is entered on the three-year agreed sentence and the issues on the motion to suppress is [sic] because a guilty plea does not assume that there is any error in the motion to suppress, so the court will get some benefit.  I am confident the decision will withstand court of appeals scrutiny anyway."

**Ground Five:**  Trial and appellate counsel was ineffective for failing to argue merger. Trial counsel, the prosecution and the trial court misrepresented the facts as to the length of incarceration the defendant was facing because the two weapons under disability and the trafficking and possession of drugs charges are allied offenses of similar import. All the charges arose out of a single transaction from the defendant's apartment as stated in the affidavit for the search warrant of the defendant's apartment. Therefore the defendant's plea was unknowing, unintelligent and involuntarily.

**Ground Six**:  The trial court erred to the prejudiced [sic] to the accused in its denial of the motion to suppress the evidence.  The witnesses for the prosecution did not provide credible testimony that corroborated the facts to the alleged crimes that the accused allegedly committed.

(Petition, Doc. No. 1.)

**Procedural History**

The procedural history of this case is set forth in Respondent's Return of Writ (Doc. No. 12, PageID 73-79). Bradley agrees with that recitation of the history (Traverse, Doc. No. 15, PageID 784-85). Rather than being recited again here, it will be referred to as necessary in the body of this Report.

**Procedural Default**

The Warden asserts that all of Bradley's claims are procedurally defaulted in one way or another, except for Ground Four.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas

corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

"A claim may become procedurally defaulted in two ways." *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013), *quoting Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a claim is procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule. *Id*. Second, a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule. *Id*.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).

4

> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin*, 785 F.2d at 138; accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

Although Bradley pleads only six grounds for relief, many of them contain distinct sub-claims, i.e., assertions of constitutional rights dependent on different facts and law from other parts of the same ground for relief. Having pled in "shotgun" fashion, Bradley does not structure his Traverse around either his Grounds for Relief or the Return of Writ. Nor does he respond to the Warden's assertions of procedural default. This Report will be structured around the Petition, calling out distinct subclaims when necessary.

**Ground One: Denial of Speedy Trial**

In his First Ground for Relief, Bradley asserts he was denied his statutory and constitutional rights to speedy trial and also received ineffective assistance of trial counsel when his trial attorney did not raise this issue, acquiescing in a number of continuances sought by the State.

The direct claim of denial of speedy trial rights was not raised at all on direct appeal. Because the trial court record would demonstrate the necessary facts to show such a violation, raising it after direct appeal would be barred by Ohio's *res judicata* doctrine for criminal cases.

5

*State v. Perry*, 10 Ohio St. 2d 175 (1967).  Ohio's doctrine of *res judicata* in criminal cases, enunciated in *Perry*, is an adequate and independent state ground of decision.  *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

The claim of ineffective assistance of trial counsel for failure to raise the speedy trial defense was found defaulted by the First District Court of Appeals by Bradley's guilty plea which the Court found to be knowing, intelligent, and voluntary.  *State v. Bradley,* Case No. C-110617 (1st Dist. Aug. 17, 2012)(unreported, copy at Doc. 12-1, PageID 172 et seq.)

A guilty or no contest plea renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt.  *Menna v. New York,* 423 U.S. 61 (1975).  "[A] voluntary and unconditional guilty plea 'bars any subsequent non-jurisdictional attack on the conviction.'"  *United States v. Corp*, 668 F.3d 379, 384 (6th Cir. 2012).  After entry of an unconditional guilty plea, the defendant may challenge only the court's jurisdiction and the voluntary and intelligent nature of the plea itself.  *United States v. Ferguson*, 669 F.3d 756, 763 (6th Cir. 2012).  A guilty plea constitutes a break in the chain of events leading up to it.  *Tollett v. Henderson*, 411 U.S. 258 (1973).  Federal habeas corpus review of claims raised by a petitioner who has entered a guilty plea is limited to "the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Tollett*, 411 U.S. at 266.  A guilty plea bars a defendant from raising in federal habeas corpus such claims as the defendant's right to trial and the right to test the state's case against him.  *McMann v. Richardson*, 397 U.S. 759 (1970); *McCarthy v. United States*, 394 U.S.  459, 466 (1969).

Bradley's claim that the trial judge's signature was forged on the judgment entry was available to be raised on direct appeal, but was not. It is therefore barred by *res judicata* under *Perry, supra.*

The First Ground for Relief should therefore be dismissed with prejudice.

**Ground Two: Ineffective Assistance of Trial Counsel in Plea Bargaining**

In his Second Ground for Relief, Bradley claims he received ineffective assistance of trial counsel when his trial attorney failed to communicate an offer of an agreed sentence of three years in return for a plea of guilty.

Bradley quotes from the transcript of proceedings without identifying the date (Traverse, Doc. No. 15, PageID 791-93). On examining the record, the Magistrate Judge finds the relevant proceeding was a motion hearing set for January 5, 2011 (Trial Tr., Return of Writ, Doc. No. 12-3, PageID 586 et seq.). The record makes clear that Bradley was supposed to be present for the hearing not later than 10:30 a.m. and was not still not there as of 10:50 a.m. *Id.* at 587. His attorney asked that the hearing be continued. Defense counsel indicated the State had just offered an agreed sentence of three years and that Mr. Guinan had not yet discussed that with Bradley. Judge Helmick did not issue a capias warrant for Bradley's arrest for failure to appear because Mr. Guinan had been courteous to the State regarding the death of a drug dog. *Id.* at PageID 589.

The next transcribed proceeding was on February 22, 2011, to take testimony on Bradley's motion to suppress; over one hundred pages of evidence was taken. *Id.* at 590-697.

7

The court then convened on March 3, 2011, for argument and decision on the motions to suppress. *Id.* at PageID 598-744. Judge Helmick recited his decision for the record. *Id.* At Bradley's request, the case was re-set again for "plea or trial" so that Guinan could discuss his options further with Bradley. *Id.* at PageID 744.

Judge Helmick asked if the State's offer of a three year agreed sentence was still on the table. *Id.* at 745. Mr. Hickenlooper, the prosecutor, responded "Judge, again, on an agreed plea, now that – where we are now, we would be seeking on a plea not less than five years" and noted that the maximum sentence upon conviction could be fourteen and one-half years. *Id.* at PageID 746. The case was then re-set for plea or trial for March 15, 2011, at 9:00 a.m. *Id.* at PageID 747.

However, the case did not go forward on March 15. The next court appearance was on June 7, 2011, when Mr. Guinan announced that he was not ready for trial because Bradley had retained substitute counsel. *Id.* at PageID 748. Judge Helmick indicated the case would go forward because it was almost eighteen months old. *Id.* at PageID 752.

The court reconvened later[1] that day and Judge Helmick indicated there was a plea agreement: Bradley would plea guilty to Counts 1, 3, and 6 and the other counts would be dismissed. *Id.* at PageID 753. Sentencing would be postponed until "sometime in July." At that time, Bradley would be sentenced to four years unless he got into any other trouble before sentencing, in which case the sentence would be seven and one-half years. Bradley said he understood the charges and was pleading guilty of his own free will with no threats or promises other than the stipulations already of record. *Id.* at PageID 755. Judge Helmick indicated there

---

[1] Apparently much later, as Judge Helmick greeted the parties with "Good evening."

8

would be no presentence investigation because there was an agreed sentence of four years if Bradley had no further offenses before sentencing and seven and one-half years if he did. *Id.* Bradley indicated he understood he was giving up his right to appeal the suppression decision. *Id.* at PageID 763-64. Bradley said he was satisfied with Mr. Guinan's representation. *Id.* at PageID 768.

When the case was called for sentencing on July 11, 2011, the other matters on which Bradley might have suffered another conviction had both been dismissed. *Id.* at PageID 772. Judge Helmick again indicated it was an agreed plea and sentence. *Id.* at PageID 774. Bradley was sentenced to four years and given credit for one day served. *Id.* at PageID 775.

What the transcripts show is that Bradley did not learn of the offer of a three-year agreed sentence on the day it was made because he failed to appear as he had been ordered to do. Not later than the motion to suppress hearing, he learned that there had been a three year offer but that the State was not willing to continue to make that offer. After he heard that there had been a three-year offer and it was withdrawn, he still represented to Judge Helmick at the time of the plea that he was satisfied with Mr. Guinan's representation and made no complaint that the three-year offer had not been communicated to him.

Ignoring these facts of record and assuming Bradley's ineffective assistance of trial counsel claim was based on evidence outside the record, that evidence was required to be presented to the Ohio courts in a petition for post-conviction relief under Ohio Revised Code § 2953.21. Bradley filed such a petition, but it was untimely; not being filed until February 19, 2013 (Motion for Post-Conviction Relief, Ex. 34 to Return of Writ, Doc. No. 12-1, PageID 333 et seq.). In the body of his Motion, Bradley recognized that it was untimely. *Id.* at PageID 335.

He explained that he "pins his argument" on a claim that the decisions in *Missouri v. Frye*, 566 U.S. ___, 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012), and *Lafler v. Cooper*, 566 U.S. ___, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012), would be applied retroactively. *Id.* In his Affidavit in support of the Petition, Bradley says that on the morning of March 15, 2011, he met with Mr. Guinan and was told the offer was four and one-half years. *Id.* at PageID 350. Then "I told him I remembered it being a three year plea offer." *Id* Later in the Affidavit, Bradley says he remembered the three years from the suppression hearing. *Id.*

The petition for post-conviction relief was denied in summary fashion (Entry, Ex. 35 to Return of Writ, Doc. No. 12-1, PageID 383). On appeal the First District noted that the petition was untimely and the Common Pleas Court would not have had jurisdiction over it unless he could show it came within Ohio Revised Code § 2951.23. *State v. Bradley*, Case No. C-130205 (1st Dist. Jan. 15, 2014)(unreported, copy at Ex. 39, Return of Writ, Doc. No. 12-1, PageID 420 et seq.) It held his claim did not depend on any newly-discovered fact or a decision of the United States Supreme Court recognizing, after the time for filing a petition expired, a new or retrospectively applicable constitutional right. He did not claim to come within the first classification and *Missouri v. Frye, supra*, was decided before his time to file the petition expired. *Id.* at PageID 421. More importantly, he could not satisfy the second part of § 2951.23 which required him to show no reasonable factfinder would have found him guilty. Because the Common Pleas Court lacked jurisdiction to consider the post-conviction petition, that petition had to be dismissed. *Id.* at PageID 422.

In Ground Two Bradley blames his untimeliness on ineffective assistance of appellate counsel. However, there is no constitutional entitlement to effective assistance of counsel in a

post-conviction proceeding.

The Warden's procedural default defense to Ground Two is well taken and this Ground for Relief should be dismissed with prejudice.

**Ground Three: Vindictive Prosecution**

In his Third Ground for Relief, Bradley claims he was subject to vindictive prosecution when the prosecutor withdrew the three-year offer and increased his demand to five years after the motion to suppress hearing.

The Warden argues this claim is forfeited because there was an agreed sentence, barring Bradley from appealing the sentence (Return of Writ, Doc. No. 12, PageID 88). Bradley argues there was not an agreed sentence, but the record as quoted above refutes that claim. Both Judge Helmick and the First District found that this was an agreed sentence. *State v. Bradley, supra,* PageID 174. That is a question of state law on which this Court is bound by the determination of the First District.

If the procedural default were excused and the Court were to reach the merits, Bradley would not be entitled to relief. The transcript supports Bradley's argument that the prosecutor did withdraw the three-year offer after winning the motion to suppress. After he announced his decision on the suppression motion, Judge Helmick asked if the three-year offer was still "on the table" and the prosecutor responded "[w]here we are now – we would be seeking on a plea not less than five years" and noted that the maximum sentence upon conviction could be fourteen and one-half years (Trial Tr., Return of Writ, Doc. No. 12-3, PageID 746). But those facts do

11

not support a claim of vindictive prosecution.

The leading related Supreme Court case is *Bordenkircher v. Hayes*, 434 U.S. 357 (1978). There the prosecutor reindicted a defendant who refused to accept a plea agreement on more serious charges carrying a mandatory life sentence and admitted he had threatened to do so during plea negotiations because he wanted to avoid a trial, which is the usual reason for a prosecutor to offer a plea. In *Bordenkircher* the Supreme Court distinguished earlier vindictiveness precedent, including *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), and *Blackledge v. Perry,* 417 U.S. 21 (1974).

> In those cases the Court was dealing with the State's unilateral imposition of a penalty upon a defendant who had chosen to exercise a legal right to attack his original conviction -- a situation "very different from the give-and-take negotiation common in plea bargaining between the prosecution and defense, which arguably possess relatively equal bargaining power." *Parker* v. *North Carolina*, 397 U.S. 790, 809 (opinion of BRENNAN, J.). The Court has emphasized that the due process violation in cases such as *Pearce* and *Perry* lay not in the possibility that a defendant might be deterred from the exercise of a legal right, see *Colten* v. *Kentucky*, 407 U.S. 104; *Chaffin* v. *Stynchcombe*, 412 U.S. 17, but rather in the danger that the State might be retaliating against the accused for lawfully attacking his conviction. See *Blackledge* v. *Perry, supra,* at 26-28.
>
> To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort, see *North Carolina* v. *Pearce, supra,* at 738 (opinion of Black, J.), and for an agent of the State to pursue a course of action whose objective is to penalize a person's reliance on his legal rights is "patently unconstitutional." *Chaffin* v. *Stynchcombe, supra,* at 32-33, n. 20. See *United States* v. *Jackson*, 390 U.S. 570. But in the " give-and-take" of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer.
>
> Plea bargaining flows from "the mutuality of advantage" to defendants and prosecutors, each with his own reasons for wanting to avoid trial. *Brady* v. *United States, supra,* at 752. Defendants

12

> advised by competent counsel and protected by other procedural safeguards are presumptively capable of intelligent choice in response to prosecutorial persuasion, and unlikely to be driven to false self-condemnation. 397 U.S., at 758. Indeed, acceptance of the basic legitimacy of plea bargaining necessarily implies rejection of any notion that a guilty plea is involuntary in a constitutional sense simply because it is the end result of the bargaining process. By hypothesis, the plea may have been induced by promises of a recommendation of a lenient sentence or a reduction of charges, and thus by fear of the possibility of a greater penalty upon conviction after a trial. See ABA Project on Standards for Criminal Justice, Pleas of Guilty § 3.1 (App. Draft 1968); Note, Plea Bargaining and the Transformation of the Criminal Process, 90 Harv. L. Rev. 564 (1977). Cf. *Brady* v. *United States, supra,* at 751; North Carolina v. Alford, 400 U.S. 25.
>
> While confronting a defendant with the risk of more severe punishment clearly may have a "discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult choices [is] an inevitable" -- and permissible -- "attribute of any legitimate system which tolerates and encourages the negotiation of pleas." *Chaffin* v. *Stynchcombe, supra,* at 31. It follows that, by tolerating and encouraging the negotiation of pleas, this Court has necessarily accepted as constitutionally legitimate the simple reality that the prosecutor's interest at the bargaining table is to persuade the defendant to forgo his right to plead not guilty.

*Bordenkircher*, 434 U.S. at 362-64.

This Court does not know whether the prosecutor explicitly made the three-year offer contingent on Bradley's not going forward with the motion to suppress. What we do know is that Bradley did insist on the motion hearing, the State expended considerable public resources in trying and arguing the motion, and Bradley lost. Thus the State's case against Bradley was considerably stronger and it had invested more in the case after Judge Helmick denied the motion – "where we are now" in the prosecutor's words. Based on the holding in *Bordenkircher*, the prosecutor could have refused to have engaged in any further plea negotiation after the ruling on the motion to suppress and insisted on either trial or a plea as charged, whereupon Bradley

13

would have faced fourteen and one-half years possible imprisonment.

Bradley's Third Ground for Relief should be dismissed with prejudice.

**Ground Four:  Trial Court Participation in Plea Bargaining**

In his Fourth Ground for Relief, Bradley asserts his conviction is unconstitutional because Judge Helmick participated in the plea negotiations.  The Warden concedes this claim is preserved for merit review in this Court (Return of Writ, Doc. No. 12, PageID 89).

Bradley raised this claim as his Second Assignment of Error on direct appeal, asserting "[t]he trial court erred to the prejudice of the accused because the court's sentence was vindictive, as was the State's offered plea bargain."  (Appellant's Brief, Ex. 10 to Return of Writ, Doc. No.12-1, PageID 136.)  Bradley cited the leading Supreme Court cases he relies on here, *North Carolina v. Pearce*, 395 U.S. 711 (1969), and *Blackledge v. Perry*, 417 U.S. 21 (1974), so the vindictiveness issue was clearly presented.

In denying this Assignment of Error, the First District held

> In his second assignment of error, Bradley argues that the court's imposition of an agreed four-year sentence was "vindictive" because the court had been "clearly annoyed" by his efforts to enforce his right to counsel of his choice and to have a hearing on his motion to suppress. The record does not support Bradley's contentions. Moreover, he cannot appeal his sentence because (1) he and the state agreed to the sentence, (2) the court imposed the agreed sentence, and (3) the sentence is authorized by law. See R.C. 2953.08(D)(1); *State v. Underwood*, 124 Ohio St.3d 365, 201o-Ohio-1, 922 N.E.2d 923, 1 16. We overrule the second assignment of error.

*State v. Bradley, supra,* at PageID 174.

When a state court decides on the merits a federal constitutional claim later presented to a

federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court.  28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

Bradley has not demonstrated that the First District's decision on this claim was contrary to or an objectively unreasonable application of the Supreme Court's vindictiveness jurisprudence.  First of all, this is obviously not a situation like *Pearce* where the sentencing judge was re-sentencing after having been reversed on appeal.  Secondly, the sentence was agreed to by Bradley and he has not shown any participation by Judge Helmick other than necessary case management inquiry – is there still an offer or is the case going to trial?  Even if the circumstances did not make this an unappealable sentence within the meaning of Ohio Revised Code § 2953.08, the record demonstrates Bradley actually did agree to the sentence which, although it was more than the three years offered before he lost the motion to suppress, was also 20% less than what the prosecutor demanded in his post-motion plea offer.

Ground Four should also be dismissed with prejudice.

**Ground Five:  Ineffective Assistance of Counsel in Failure to Argue Merger**

Bradley argues he received ineffective assistance of trial counsel and ineffective assistance of appellate counsel because his attorneys did not argue for merger of the offenses in the indictment which Bradley claims are allied offenses of similar import under Ohio Revised Code § 2941.25.

15

This claim does not appear to have been argued on direct appeal. Had it been, it would have been without merit because Bradley does not stand convicted of any allied offenses of similar import. Ohio Revised Code § 2941.25 does not prohibit charging allied offenses, but merely convictions on such charges.

**Ground Six: Denial of the Motion to Suppress.**

In his Sixth Ground for Relief, Bradley claims the trial court deprived him of his constitutional rights by overruling his motion to suppress. He raised this claim as his Fourth Assignment of Error on direct appeal, but the First District held the claim was barred by his guilty plea. *State v. Bradley, supra*, PageID 174. This is a correct holding of the constitutional consequences of a guilty plea. *See Tollett v. Henderson, supra.*

Bradley claims his trial attorney told him, off the record, that he could still appeal his suppression issues if he pleaded guilty. That claim of ineffective assistance of trial counsel depends on evidence outside the record and Bradley forfeited his opportunity to raise that claim by missing the filing deadline for his petition for post-conviction relief.

Even if Bradley had preserved this issue for state appellate review, he would not be entitled to review on the merits in this Court. Federal habeas corpus relief is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that question in the state courts. *Stone v. Powell,* 428 U.S. 465 (1976). *Stone* requires the district court to determine whether state procedure in the abstract provides full and fair opportunity to litigate, and Ohio procedure does. The district court must also decide if a Petitioner's presentation of claim was frustrated because of a failure of the state

16

mechanism. Habeas relief is allowed if an unanticipated and unforeseeable application of procedural rule prevents state court consideration of merits. *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982). The *Riley* court, in discussing the concept of a "full and fair opportunity," held:

> The mechanism provided by the State of Ohio for resolution of Fourth Amendment claims is, in the abstract, clearly adequate. Ohio R. Crim. P. 12 provides an adequate opportunity to raise Fourth Amendment claims in the context of a pretrial motion to suppress, as is evident in the petitioner's use of that procedure. Further, a criminal defendant, who has unsuccessfully sought to suppress evidence, may take a direct appeal of that order, as of right, by filing a notice of appeal. See Ohio R. App. P. 3(A) and Ohio R. App. P. 5(A). These rules provide an adequate procedural mechanism for the litigation of Fourth Amendment claims because the state affords a litigant an opportunity to raise his claims in a fact-finding hearing and on direct appeal of an unfavorable decision.

*Id*. at 526. In this case Bradley had a full and fair opportunity to have his motion to suppress heard, including lengthy testimony from the responsible police officers and separate argument on the merits of the motion. *Stone v. Powell* thus bars merits review here.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

March 19, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).
\